UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CERVANDO ALVAREZ,<br><br>　　　　　Defendants. | No.  1:05-cr-00112-DAD-1<br><br>ORDER DISMISSING AS MOOT DEFENDANT'S MOTION TO REDUCE HIS SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(Doc. No. 109) |

On February 17, 2015, defendant Cervando Alvarez filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses.  (Doc. No. 109.)  The court stayed the motion pending the resolution of the Ninth Circuit's dispositive decision in the case entitled *United States v. Shino*, No. 15-10208, 2016 WL 4073552 (9th Cir. Aug. 1, 2016).  (Doc. No. 133.)  On August, 1, 2016, in *Shino* the Ninth Circuit affirmed the district court's denial of the appellant's motion for a reduction of sentence brought pursuant to 18 U.S.C. § 3582(c)(2).  2016 WL 4073552 at *1.[1]  Specifically, the Ninth Circuit reaffirmed that where Amendment 782 applies so as to reduce

---

[1] Based upon the decision in *Shino*, the Office of the Federal Defender notified this court that it would not be filing a supplemental brief in connection with  defendant's motion. (Doc. No. 138.)

1

a defendant's advisory guideline range, the defendant is ineligible for a sentence reduction under § 3582(c)(2) if his sentence is already below the minimum of the new range. *Id*.

In addition, however, on August 3, 2016, the government notified the court that defendant had been released from the custody of the Bureau of Prisons on December 24, 2015. (Doc. No. 142.) U.S. Sentencing Guideline § 1B1.10(b)(2)(C), which applies to § 3582(c)(2) motions, provides that "in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." Thus, since defendant has finished serving his "term of imprisonment," he is no longer eligible for relief under § 3582(c)(2).[2] Accordingly, defendant's motion to reduce his sentence has been rendered moot. *See United States v. Partida-Vargas*, 531 F. App'x 815 (9th Cir. 2013); *United States v. Germany*, 529 F. App'x 853, 854 (9th Cir. 2013).[3]

For the reasons set forth above:

1) Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 109) is dismissed as moot; and

2) The Clerk of the Court is directed to terminate defendant Cervando Alvarez and close this case as it pertains to him.

IT IS SO ORDERED.

Dated:   **August 10, 2016**

UNITED STATES DISTRICT JUDGE

---

[2] Application Note 4(A) to U.S.S.G. § 1B1.10, which is a policy statement applicable to § 3582(c)(2), specifically provides that "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." *See U.S. v. Morales*, 590 F.3d 1049, 1051 (9th Cir. 2010).

[3] Citations to these unpublished Ninth Circuit opinions are appropriate pursuant to Ninth Circuit Rule 36-3(b).